UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| FAST TEK GROUP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:05-cv-1868-DFH-TAB |
| | ) | |
| PLASTECH ENGINEERED PRODUCTS, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

ENTRY ON DEFENDANT'S RULE 59(e) MOTION AND
PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS

On August 3, 2006, the court granted plaintiff's motion for summary judgment in this breach of contract dispute within the court's diversity jurisdiction. *Fast Tek Group, LLC v. Plastech Engineered Products, Inc.*, 2006 WL 2228960 (S.D. Ind. Aug. 3, 2006). The same day, the court entered final judgment in the amount of $1,117,042.45, plus interest at 12 percent per annum through December 31, 2005, amounting to $29,140.49, and $367.25 for each day thereafter. The court also set a schedule to resolve the remaining issues of costs and attorney fees.

On August 14, 2006, defendant Plastech Engineered Products, Inc. ("Plastech") filed its motion to reconsider the court's decision. Because the motion was served and filed within ten business days after the court entered judgment,

it is deemed a motion under Rule 59(e) of the Federal Rules of Civil Procedure. *E.g.*, *Lorenzen v. Employees Retirement Plan of the Sperry & Hutchinson Co.*, 896 F.2d 228, 231 (7th Cir. 1990).  Plaintiff Fast Tek Group, LLC ("Fast Tek") responded to the motion.  The court previously granted extensions of time to file a reply brief until October 2, 2006 (see Docket Nos. 82 and 83), but no reply has been filed.  In addition, Fast Tek's motion for award of attorney fees and costs is fully briefed.  Neither party has asked for an evidentiary hearing on that matter.

I.      *Rule 59(e) Motion*

A motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact.  Such a motion enables the district court to correct its own errors and thus to avoid unnecessary appellate procedures.  *E.g.*, *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (affirming denial of relief).  Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or to advance arguments that could and should have been presented to the district court prior to the judgment." *Id.*; *LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir. 1995).  Whether to grant or deny the Rule 59(e) motion is entrusted to the district court's sound discretion.  *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).  In light of these standards, the court turns to the defendant's three arguments for relief.

A.     *Misunderstanding the Evidence Submitted?*

Defendant Plastech contends first that the court misunderstood the evidence submitted in opposition to the summary judgment motion.  In that original opposition, defendant chose to rely only upon the (signed) affidavit from James Brown, its chief administrative officer.[1]  The court explained in its original decision why the Brown affidavit was not sufficient to present a genuine issue of material fact, both because of waiver and on the merits.  2006 WL 2228960, at *5-7.

Defendant Plastech has not responded to the issue of waiver at all.  That silence alone is a sufficient basis for rejecting this argument for relief.

On the merits, defendant has not addressed directly the court's determination that Brown's affidavit was too conclusory to present a genuine issue of material fact. [2006 WL 2228960, at *7.  As the Supreme Court has explained, the object of the summary judgment procedure "is not to replace conclusory allegations of a complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990); accord, *Laborers' Pension Fund v. RES Environmental Services, Inc.*, 377 F.3d 735, 739 (7th Cir.

---

[1]Over the objection of plaintiff, the court allowed defendant to submit first an unsigned affidavit from Brown (because he was traveling) and then a substantially revised affidavit with his signature after he had returned from his travels.  The court was satisfied with defendant's eventual explanation for the revisions between the unsigned and signed versions, though this procedure is highly unusual and has nothing to recommend it.

2004) (affirming summary judgment for plaintiff where defendant's affidavit in opposition was generalized and conclusory).  Defendant has simply not addressed this decisive aspect of the court's reasoning at all.

Defendant has argued in its motion to reconsider that Brown's affidavit has now been corroborated and supported with more detail from the several affidavits submitted with the Rule 59(e) motion.  The court addresses those new affidavits below, but they do not change the state of the record at the time the court decided the original motion for summary judgment.  The record at that time required entry of summary judgment for plaintiff for the reasons stated in the court's original decision.

B.     *Decision Beyond the Scope of the Arguments ?*

Defendant Plastech also argues that relief is warranted under Rule 59(e) because the court's decision went beyond the scope of the issues presented by the parties.  Courts sometimes deliberately go beyond the scope of the issues as presented by the parties in order, for example, to avoid issuing decisions that might perpetuate and even spread the parties' mistaken views of the law.  See, *e.g.*, *ISI International, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551 (7th Cir. 2001) ("Federal courts are entitled to apply the right body of law, whether the parties name it or not."); *Neal v. Honeywell, Inc.*, 191 F.3d 827, 830 (7th Cir. 1999) ("Sometimes the judiciary must act in self-defense.").  When a court does so, the risk of error and unfairness may be greater than when the decision is based on

issues given a thorough and adversarial airing.  In such cases, a Rule 59(e) motion may serve a valuable function by giving the court the opportunity to correct the error.  See *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (recognizing that a decision "outside the adversarial issues presented to the Court" could justify relief), quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); *Roche Diagnostics Corp. v. Bayer Corp.*, 247 F. Supp. 2d 1065, 1067 (S.D. Ind. 2003) (granting motion to reconsider); cf. *Hampton v. Wyant*, 296 F.3d 560, 565 (7th Cir. 2002) ("Any time a judge does independent research there is a risk of error, but judges with some initiative probably err at lower rates than judges who naively believe that the briefs cover everything worth considering.").

Plastech's argument fails on the facts, however.  Its motion to reconsider argues that the plaintiff's original motion was only for partial summary judgment and that plaintiff's arguments "only encompassed the disputed amount of $790,290.00."  Docket No. 57 at 9.  Defendant's argument on this score fails so clearly it is difficult to understand why it was even made.  At pages 1 and 2 of its original brief, plaintiff wrote:  "Fast Tek requests the Court to award Fast Tek damages in the principal sum of $1,117,052.45, together with prejudgment interest at a rate of 12 percent per annum in the amount of $29, 140.49 through December 31, 2005, and $367.25 for each thereafter, post-judgment interest and all costs and expenses."  Docket No. 14 at 1-2.  The same points are made at page 14 of the same brief.

In fact, even defendant's own response to the original summary judgment motion showed that it understood the full amount was being sought in the plaintiff's motion. See Docket No. 24 at 2 (attempting to rebut argument that defendant owed $1,117,042.45). The court granted summary judgment and awarded plaintiff exactly what it had sought. The court left for later proceedings the calculation of a reasonable attorney fee and costs, but the court did not grant relief that plaintiff did not seek.[2]

C.    *New Evidence*

The real heart of defendant's motion to reconsider consists of four new affidavits, three from witnesses and one from an attorney for defendant. Defendant Plastech argues that these affidavits warrant reconsideration and denial of summary judgment in favor of plaintiff Fast Tek.

The new affidavits are from Phillip Grove, Rodney Turton, Paul Williams, and attorney Freedom Smith. Contrary to plaintiff Fast Tek's arguments, the court concludes that if the Grove, Turton, and Williams affidavits had been submitted in opposition to the original motion for summary judgment (and if the

---

[2]In one respect, however, the court did go beyond the arguments in finding that defendant's original three-page response brief failed to present a coherent argument for oral modification of the written contract in question, and thus waived the issue. In this respect, the court was acting in "self-defense," trying to avoid the prospect of having a party put undeveloped thoughts and conclusions into a brief in the hope of preserving an issue. See, *e.g.*, *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("We repeatedly have made clear that perfunctory and undeveloped arguments . . . are waived. . . .").

brief had presented a coherent legal argument on the oral modification theory), the court probably would have denied the motion.   On the key issue of an oral modification of the parties' written contract, the Grove and Turton affidavits provide a much more specific and detailed account of the parties' dealings.  A jury hearing their evidence could reasonably conclude that Fast Tek had in fact agreed to the oral modification.  That position takes on extra force by reason of the fact that at the time of the events in question, Mr. Grove was the chief operating officer and/or vice president of strategic planning of plaintiff Fast Tek.  In other words, plaintiff's own (but now former) executive in those discussions has testified that he agreed, on behalf of plaintiff, to modify the terms of the parties' contract.  On the alternative ground of the admission of liability for $790,200, the Williams affidavit cures the hearsay problem with the Brown affidavit and provides admissible evidence that defendant Fast Tek's admission was in fact a settlement offer that should not be admitted in evidence.

The question is whether the court should re-open the final judgment in this case based on this newly submitted evidence.  As noted, Rule 59(e) is not a means for parties to remedy their own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could or should have been presented to the district court prior to the judgment.  *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (affirming denial of relief where new evidence was available during original summary judgment proceedings); see also *Green v. Whiteco Industries, Inc.*, 17 F.3d 199, 202 n.5 (7th Cir. 1994) (affirming denial of

relief; new affidavits submitted with motion to reconsider did not present evidence that was not available before).   The new evidence could support a Rule 59(e) motion only if the evidence was not available to defendant when it opposed the original motion for summary judgment.   *Figgie International Inc. v. Miller*, 966 F.2d 1178, 1180 (7th Cir. 1992) (affirming decision to deny relief where party failed to explain why document belonging to company it controlled was not available to it and where party failed to explain why witness had not previously been available to it); *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (affirming denial of relief where evidence submitted with motion to reconsider had been available at time defendant responded to plaintiff's summary judgment motion).

In this case, all of the supposedly new evidence was available to defendant Plastech when it filed its response to the summary judgment motion.   Rodney Turton is the vice president of purchasing for defendant Plastech.   According to his affidavit, he had direct dealings with Fast Tek, complained to Fast Tek, and participated in the key meeting in April or May 2005 with Plastech's James Brown and Fast Tek's Phillip Grove in which Grove apparently agreed on behalf of Fast Tek to modify the terms of the parties' contract.   Plastech has offered no explanation for failing to submit Turton's affidavit with its original opposition to summary judgment.

Paul Williams is the corporate vice president of Plastech.  He participated directly in the settlement discussions in December 2005.  Again, Plastech has offered no explanation for failing to submit Williams' affidavit with its original opposition to summary judgment.

Recognizing that Turton and Williams have always been available to it, Plastech relies primarily on the Grove affidavit to provide new evidence justifying relief under Rule 59(e).  To support that theory, Plastech relies on the affidavit of attorney Smith in an effort to show that Plastech was diligent in trying to submit that evidence in a timely fashion.

The Grove affidavit does not qualify as newly available evidence that will support Rule 59(e) relief.  First, the Grove affidavit deals with the same events addressed by Plastech's own vice president Turton.  Testimony from Fast Tek's former executive obviously adds some weight to the testimony from Plastech's executives, but the key information from Grove was always directly available to Plastech from both Turton and Brown.

Second, Plastech has not justified its belated submission of Grove's affidavit. Attorney Smith's affidavit reports that she had difficulty contacting Grove before Plastech filed its response brief because he had left Fast Tek and she was unable to find accurate contact information, despite trying to do so on January 27-30,

2006, as well as February 16, 24, and 27, and March 1, 7-8, 15, 16, and 21-23. Plastech filed its final response in opposition to summary judgment on March 8th.

Attorney Smith made contact with Grove in late March, however, and the two were in contact on several occasions in March, April, and May 2006. Understandably, Grove wanted to consult with an attorney and to review his own files. On May 31st, Smith reports, Grove agreed to talk with her, but only if his attorneys were present. Throughout June and July, there were discussions and negotiations over the content of an affidavit. The court granted plaintiff's motion for summary judgment on August 3rd, and finally, on August 14th, Grove signed the affidavit attached to the motion to reconsider.

The most striking thing about these events is that at no time did Plastech file a motion under Rule 56(f) of the Federal Rules of Civil Procedure to seek additional time to take Grove's deposition or to secure his affidavit to oppose summary judgment. Rule 56(f) provides the procedure for dealing with such a situation. When a party fails to invoke Rule 56(f), the district court can and should rule on the motion for summary judgment. See *Wallace v. Tilley*, 41 F.3d 296, 302-03 (7th Cir. 1994) (affirming summary judgment where losing party failed to seek relief under Rule 56(f) and then sought to submit key evidence after magistrate judge had already issued report and recommendation based on parties' submissions); *King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994) (affirming summary judgment granted before plaintiff filed supplemental submission; plaintiff failed

to seek relief under Rule 56(f) before district court made its decision).  A party most certainly is not entitled to file its opposition brief and then remain silent about additional evidence until after the court has decided the motion on the (initial) record.  [When the court ruled, the record gave no indication that Plastech ever tried to take Grove's deposition.  Instead, Plastech remained silent about this project while the court worked on the motion for summary judgment.

Plastech argues that it was unable to explain its failure to obtain the newly submitted evidence in what it calls its "initial response" to summary judgment "because it was not aware of the significance of Grove's testimony until it had an opportunity to discuss the matter with Grove."  Docket No. 57 at 8.  This argument fails to address what should have been Plastech's ability to provide detailed testimony from both Brown and Turton about the same subject matter.  Also, this argument, if accepted, would effectively undermine Rule 56(f) by allowing a party to remain silent about its efforts to secure additional evidence while the court worked on what would wind up being merely a first draft of a decision.  As has often been said, a federal district court's decision is not a "first draft" subject to a prolonged cycle of further comment, debate, and revision.  *E.g.*, *Pickett v. Prince*, 5 F. Supp. 2d 595, 597 (N.D. Ill.1998) (denying motion to reconsider and explaining that district court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure" ); *Quaker Alloy Casting v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988) (same).

In considering defendant's Rule 59(e) motion, the court recognizes that it faces a choice.  By granting relief, the court might well avoid a decision in this particular case that might have turned out to be incorrect in the abstract, based on a more complete record.  But by granting relief, the court would also be providing a way for a party to repair its own procedural failures – its failures to present the relevant evidence the first time around.  Granting relief would reward such tactics.  The result would be to add even more to the costs and delays of litigation more generally.  Under the theory of Plastech's motion, virtually any party who lost a motion for summary judgment could try to find supposedly "new" evidence to force the court to reconsider.  This district's docket is one of the heaviest in the federal court system.  See Federal Court Management Statistics 2005 (for fiscal year 2005, Southern District of Indiana had 690 weighted filings per judgeship, compared to national average of 486).  The judges of this district and other federal district courts do not have time to decide each motion twice, waiting for the losing party to bring forward the evidence it should have brought forward the first time.  "A party seeking to defeat a motion for summary judgment is required to 'wheel out all its artillery to defeat it.'" *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996); see also *Spears v. City of Indianapolis*, 74 F.3d 153, 157-58 (7th Cir. 1996) (affirming summary judgment where district court denied final request for one-day extension to respond further to motion for summary judgment).

Judge Crabb has written in a similar situation:

> The Court has no control over the facts that the parties choose to put into the record either in support of or in opposition to a motion for summary judgment.  It must take the facts submitted and apply the law to them.  It is not in the interests of justice to allow a party to wait until the Report and Recommendation or Order has been issued and then submit evidence that the party had in its possession but chose not to submit.  Doing so would allow parties to undertake trial runs of their motion, adding to the record in bits and pieces depending upon the rulings or recommendation they received.

*Wallace v. Tilley*, 41 F.3d 296, 302 (7th Cir. 1994) (affirming and quoting district court's decision).  This court agrees, and for these reasons, the court believes the better course here is to enforce the rules for orderly litigation and to deny relief under Rule 59(e), especially after the court gave defendant ample opportunity to file a sufficient response to the motion for summary judgment.

II.   *Plaintiff's Motion for Attorney Fees and Costs*

Paragraphs 2 and 3 of the written contract between the parties – the "Terms of Service" – provide that Fast Tek is entitled to recover all costs and expenses it incurs, including costs of collection and litigation and reasonable attorney fees, to enforce its rights under the contract.  Fast Tek submitted a timely motion seeking fees of $67,012.50 and expenses of $3,123.42 incurred before August 17, 2006.  Fast Tek later submitted a supplemental request for additional fees of $31,813.50 and expenses of $914.67 incurred between August 17th and October 9th.  (During those two months, Fast Tek's lawyers were dealing with proceedings supplemental and other collection efforts, obtaining security pending appeal, Plastech's Rule 59(e) motion, the fee petition, and continued settlement efforts.)

Fast Tek's submissions are detailed and establish that the fees were actually billed by its attorneys at their usual market rates.

In opposition, defendant Plastech contends that the parties' contract does not in fact provide for attorney fees. In support, Plastech relies on its answer, which alleged that Plastech did not sign and was not bound to the Terms of Service. This argument conflicts with the court's findings on summary judgment that the written "Terms of Service" established the terms of the parties' contract. At this stage of the case, defendant can no longer rely on mere denials in its answer as evidence to avoid the court's decision on summary judgment. See Fed. R. Civ. P. 56(e) (party opposing summary judgment "may not rest upon the mere allegations or denials of [its] pleading").

Second, defendant states that the court must determine the reasonableness of the fees and expenses requested. That is true, but defendant has not raised any specific challenges to the reasonableness of the fees and expenses. A party opposing a fee request has a "responsibility to state objections with particularity and clarity." *Hutchison v. Amateur Electronic Supply, Inc.*, 42 F.3d 1037, 1048 (7th Cir. 1994) (remanding fee award where district court cut request without sufficient explanation where opposing party had not raised specific objections). At the same time, a party opposing a fee request can make a reasonable decision not to oppose questionable items or amounts simply because that party might also be held liable for additional attorney fees incurred in litigating the issue.

In the absence of any specific challenge from Plastech, the court has reviewed the billing records to see if there are any obviously inaccurate or unreasonable items that should not have been billed. See *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (calling for "billing judgment" in judicial awards of attorney fees comparable to that exercised in the private sector). Based on that review, and in the absence of any specific objections from defendant, the court is satisfied that the plaintiff's fee and expense requests are generally reasonable, and they will be awarded in full. The court will enter a separate final judgment awarding plaintiff an additional sum of $102,864.09 for attorney fees and expenses.

So ordered.

Date: November 27, 2006

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Niquelle Renee Allen
ICE MILLER LLP
niquelle.allen@icemiller.com

James H. Hanson
SCOPELITIS GARVIN LIGHT & HANSON
jhanson@scopelitis.com

Craig Joseph Helmreich
SCOPELITIS GARVIN LIGHT & HANSON
chelmreich@scopelitis.com

Myra Consetta Selby
ICE MILLER LLP
myra.selby@icemiller.com

Freedom S. N. Smith
ICE MILLER LLP
freedom.smith@icemiller.com